Humberto M. Guizar, Esq. (SBN 125769)
Email: hguizar@ghclegal.com
**LAW OFFICES OF HUMBERTO GUIZAR, APC**
3500 W. Beverly Blvd.
Montebello, Ca 90640
Tel: (323) 725-1151 | Fax: (323) 597-0101

Christian Contreras, SBN 330269
Email: CC@Contreras-Law.com
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000

Attorney for Plaintiffs,
ESTATE OF MATTHEW ELKIN, et al.

## UNITED STATE DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MATTHEW ELKIN, by and through successors in interest; S.E., Individually and As Successor In Interest, by and Through Guardian Ad Litem, Jennifer Thorton; DARRELL ELKIN, individually; TERESA ELKIN, individually,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF SISKIYOU, a public entity; MT. SHASTA POLICE DEPARTMENT; DEVON PRIDDY, individually; SAMUEL HOPKINS, individually; JEREMIAH CAPURRO, individually; RUSSELL GREGORY, individually; and DOES 1 through 10, inclusive<br><br>        Defendants.<br>_____ | **CASE NO.: 2:25-at-707**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourteenth Amendment Violation – State Created Danger (42 U.S.C. § 1983)<br>2. Fourteenth Amendment Violation—Special Relationship (42 U.S.C. § 1983)<br>3. Fourteenth Amendment Violation – Due Process (42 U.S.C. § 1983)<br>4. Fourteenth Amendment Violation—Failure to Provide Medical and Mental Health Care (42 U.S.C. § 1983)<br>5. Fourteenth Amendment Violation – Deprivation of the right to Familial Relationship with Decedent (42 U.S.C. § 1983)<br>6. Municipal Liability (*Monell*, 42 U.S.C. § 1983)<br>7. Negligence (Wrongful Death & Survival)<br>8. Violation of California Civil Code § 52.1 (Tom Bane Act)<br><br>**DEMAND FOR JURY TRIAL** |

# INTRODUCTION

1.    This civil rights action seeks to establish the violations of fundamental civil rights under the United States Constitution in connection with the death of MATTHEW ELKIN on April 30, 2024.

2.    MATTHEW ELKIN was a 36-year-old loving son and father whose death has been a profound and unimaginable loss to his family, the present Plaintiffs.

3.    On April 29, 2024, Mt. Shasta Police Department received multiple calls regarding MATTHEW ELKIN clearly suffering a mental health crisis in which he begged his landlord and others to please help him. Mt. Shasta Police Department Officers, the present Defendants, made contact with MATTHEW ELKIN but only provided advice on "how to properly talk to his landlord", not the mental health help he so desperately needed.

4.    As a result, the following morning, on April 30, 2024, MATTHEW ELKIN was discovered dead on the premises of his apartment complex.

5.    These deliberate, callous and reckless actions of the defendants created a dangerous, tragic, and preventable situation resulting in MATTHEW ELKIN's death.

6.    The violent militarized police force carried out by the present defendants in response to a minor service call was a senseless and unwarranted act of police abuse.

# JURISDICTION AND VENUE

7.    This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

8.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the COUNTY OF SISKIYOU, California, which is in the geographic and legal jurisdiction of this court.

///

**COMPLAINT FOR DAMAGES**

**PENDANT CLAIMS**

9.      Plaintiffs presented their government claims on October 28, 2024. The government claims were amended on November 8, 2024. The government claims were rejected on December 2, 2024.  As such, Plaintiffs have complied with the California Tort Claims Act requirements with respect to their claims arising under state law.

10.     With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same facts and circumstances which underlie the federal claims.

**PARTIES**

**A. Plaintiffs**

11.     At all relevant times, MATTHEW ELKIN (hereinafter "decedent" or "ELKIN") was an individual residing in Siskiyou County, California. The claims made by the ESTATE OF MATTHEW ELKIN, are brought by his daughter, S.E., by and through her mother, Jennifer Thorton, as the successor in interest to the ESTATE OF MATTHEW ELKIN pursuant to California Code of Civil Procedure § 377.32.

12.     Plaintiff DARRELL ELKIN is and was, at all times relevant hereto, a resident of the County of Siskiyou, and is the father of decedent MATTHEW ELKIN. DARRELL ELKIN brings his claims individually.

13.     Plaintiff TERESA ELKIN is and was, at all rimes relevant hereto, a resident of the County of Siskiyou, and was the natural mother of decedent MATTHEW ELKIN. TERESA ELKIN brings her claims individually.

**B. Defendants**

14.     Defendant COUNTY OF SISKIYOU (hereinafter also "COUNTY") owns, operates, manages, directs and controls Defendant MT. SHASTA POLICE DEPARTMENT (hereinafter also "MSPD" or "Police Department"), also a separate public entity, which employs other named Defendants in this action. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its

employees, including MSPD employees, complied with the laws and the Constitutions of the United States and of the State of California.

15.    Defendant DEVON PRIDDY was an individual employed as a police officer by Defendant MSPD.

16.    Defendant SAMUEL HOPKINS was an individual employed as a police officer by Defendant MSPD.

17.    Defendant JEREMIAH CAPURRO was an individual employed as a police officer by Defendant MSPD.

18.    Defendant RUSSELL GREGORY was an individual employed as a police officer by Defendant MSPD.

19.    At all relevant times, Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY were each acting within his or her capacity as an employee, agent, representative and/or servant of Defendant COUNTY, and is sued in their individual capacity.

20.    On information and belief, at all relevant times, Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY, inclusive, were residents of Siskiyou County, California.

21.    Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' and decedent's rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally. They are sued in their individual and official

capacities and in some manner are responsible for the acts and omissions alleged herein. Each of the Defendants is the agent of the other.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22.    Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

23.    On April 30, 2024, MATTHEW ELKIN was pronounced dead after being found unresponsive with a broken spine and paralyzed legs on the premises of his apartment complex in Mt Shasta, California.

24.    On April 29, 2024, around 10:20 P.M., MATTHEW ELKIN was suffering a mental health crisis in which he felt especially unsafe in his apartment. In desperation, he went to the unit of his landlord, Angela Sheets, and begged for help. Upon information and belief, MATTHEW ELKIN told Ms. Sheets that he was scared, felt unsafe in his apartment, and needed help.

25.    Ms. Sheets called Defendants MT. SHASTA POLICE DEPARTMENT, who dispatched one or more of Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY.

26.    Upon information and belief, Defendants attempted to advise MATTHEW ELKIN on "how to properly talk to his landlord".

27.    A second call was made by a neighbor about MATTHEW ELKIN standing outside and screaming. Defendant MT. SHASTA POLICE DEPARTMENT then dispatched one or more of Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY in response.

28.    One or more of Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY attempted to talk to MATTHEW ELKIN but left when MATTHEW ELKIN reentered his apartment.

29.    Over the early hours of April 30, 2024, MATTHEW ELKIN left various messages on his parents' phones thanking them for being good parents and reminding them how much he loved them.

**COMPLAINT FOR DAMAGES**

30.     On the morning of April 30, 2024, MATTHEW ELKIN's cold, unresponsive body was found on the grounds of his apartment complex. MATTHEW ELKIN had lacerations and bruising on his body. Upon information and belief, MATTHEW ELKIN died of a ruptured aorta and broken spine and spinal cord, which led to paralysis of his legs in the unknown time between the severance of his spinal cord and his death.

31.     As a direct result of Defendants MT. SHASTA POLICE DEPARTMENT, DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY's negligence and indifference to his obvious suffering and immediate needs for mental health care, MATTHEW ELKIN was pronounced dead on April 30, 2024, at only thirty-six (36) years old.

32.     MATTHEW ELKIN was a loving son and father whose last known statements included praising his parents for their care and support. ELKIN's father, mother, and child, the present Plaintiffs, enjoyed a strong and meaningful relationship with ELKIN that was full of love.

## FIRST CLAIM FOR RELIEF

**Fourteenth Amendment Violation – State Created Danger**

**(42 U.S.C. § 1983)**

**By Plaintiff ESTATE OF MATTHEW ELKIN**

**As Against Defendants COUNTY OF SISKIYOU, MT. SHASTA POLICE DEPARTMENT, DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY**

33.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

34.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

35.     Under the state-created danger rule, state actors may be held liable under § 1983 where (1) "'affirmative conduct on the part of a state actor places a plaintiff in

danger,'" and (2) the state actor "acts with 'deliberate indifference' to a 'known or obvious danger'" to the plaintiff's safety. *Murguia v. Langdon*, 61 F.4th 1096, 1111 (9th Cir. 2023) (quoting *Penilla v. City of Huntington Park*, 115 F.3d 707, 710 (9th Cir. 1997); *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011)).

36.    Upon information and belief, Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY, while acting under color of law, affirmatively created or exposed MATTHEW ELKIN to the danger of death or serious bodily injury by permitting MATTHEW ELKIN to continue to suffer a mental health emergency without being given medical care. Indeed, Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY, affirmatively created or exposed MATTHEW ELKIN to the danger of death or serious bodily injury by not taking MATTHEW ELKIN's concerns seriously, abandoning MATTHEW ELKIN and failing to summon paramedics or take him to a hospital.

37.    Upon information and belief, but for the conduct of Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY MATTHEW ELKIN would not have been subjected to the danger of death or serious bodily injury.

38.    Clearly, if Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY would have provided MATTHEW ELKIN with mental health care or summoned paramedics to do so, MATTHEW ELKIN would not have died by suicide on April 30, 2024.

39.    Given that Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY inclusive, knew that MATTHEW ELKIN was suffering a mental health emergency in which he feared for his own safety, it was foreseeable that MATTHEW ELKIN would have suffered death or great bodily injury if he was not provided medical care.

///

40.    Furthermore, upon information and belief, Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY were deliberately indifferent to the danger MATTHEW ELKIN faced. In fact, Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY knew that MATTHEW ELKIN could have died if he was not provided timely medical care.

41.    As a direct and proximate result of Defendants' conduct, the civil rights of MATTHEW ELKIN, as protected by the Fourteenth Amendment of the United States Constitution were violated and he lost his life as a result. Further, MATTHEW ELKIN experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

42.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, MATTHEW ELKIN sustained injuries and damages.

43.    Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against the public entity Defendants.

44.    Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## SECOND CLAIM FOR RELIEF

### Special Relationship, Fourteenth Amendment Violation

### (42 U.S.C. § 1983)

### By Plaintiff ESTATE OF MATTHEW ELKIN

### As Against Defendants COUNTY OF SISKIYOU, MT. SHASTA POLICE DEPARTMENT, DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY

45.    Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

46.    When a special relationship exists between a person and the state, the special-relationship exception to the Fourteenth Amendment applies. *Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023). The special-relationship exception "applies when [the] state 'takes a person into its custody and holds him there against his will.'" *Id*. (citing *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011)). "When a person is placed in these types of custody, we allow due process claims against the state for a fairly simple reason: a state cannot restrain a person's liberty without also assuming some responsibility for the person's safety and well-being." *Id.*

47.    Upon information and belief, Defendants COUNTY OF SISKIYOU, MT. SHASTA POLICE DEPARTMENT, DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY, while acting under color of law, first engaged with MATTHEW ELKIN in response to reports of his mental health crisis.

48.    Upon information and belief, Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY, failed to take MATTHEW ELKIN to the hospital or summon paramedics to attend to MATTHEW ELKIN.

49.    When Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY, were summoned to the scene of MATTHEW ELKIN's mental health emergency by multiple concerned neighbors, they were responsible with ensuring that his safety and well-being were preserved. However, Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY, failed to preserve MATTHEW ELKIN's safety and well-being by ensuring he got the mental health care he needed.

50.    Due to Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY's failures to ensure MATTHEW

ELKIN's mental health crisis was addressed and treated instead of hidden in his apartment and ignored, MATTHEW ELKIN ultimately died.

51.    As a direct and proximate result of Defendants' conduct, the civil rights of MATTHEW ELKIN, as protected by the Fourteenth Amendment of the United States Constitution were violated and he lost his life as a result. Further, MATTHEW ELKIN experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

52.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, MATTHEW ELKIN sustained injuries and damages.

53.    Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against the public entity Defendants.

54.    Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## THIRD CLAIM FOR RELIEF

### Fourteenth Amendment Violation – Substantive Due Process

### (42 USC § 1983)

### By Plaintiff ESTATE OF MATTHEW ELKIN

### As Against Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY

55.    Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

56.    The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law. . ." U.S. Const., Amdt. 14, § 1. The Due Process Clause of the Fourteenth Amendment was intended to prevent

government "from abusing [its] power, or employing it as an instrument of oppression." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196, 109 S. Ct. 998, 1003, 103 L. Ed. 2d 249 (1989).

57.    Under the Fourteenth Amendment's substantive due process prong, courts use the "shocks the conscience" test to determine if a violation has occurred. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). The threshold question is "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id*. at 848 n. 8.  Government officials may not engage in wrongful conduct causing a person to suffer a mental condition in which the person cannot control his/her suicidal impulses. *Soto v. City of Sacramento*, 567 F. Supp. 662, 694 (E.D. Cal. 1983).

58.    Defendants' actions described herein violated MATTHEW ELKIN's rights under the Fourteenth Amendment to the United States Constitution incorporated and made applicable to states and municipalities by the Due Process Clause of the Fourteenth Amendment, by depriving MATTHEW ELKIN of bodily integrity when Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY's failed to intervene and summon or furnish mental health care for MATTHEW ELKIN, who was suffering an uncontrollable impulse to kill himself.

59.    Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY's conduct in abandoning a person in dire need of medical attention clearly shocks the conscience in violation of Plaintiff's Fourteenth Amendment rights.

60.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs herein, sustained injuries and damages.

61.    The conduct of Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendants COUNTY and MSPD.

62.    Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

**FOURTH CLAIM FOR RELIEF**

**Failure to Provide Medical Care,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**By Plaintiff ESTATE OF MATTHEW ELKIN As Against Defendants**

**COUNTY OF SISKIYOU and Defendants DEVON PRIDDY, SAMUEL**

**HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY**

63.    Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

64.    By the actions and omissions described above, Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY as alleged herein, violated 42 U.S.C. § 1983, depriving decedent MATTHEW ELKIN, through Plaintiffs herein, of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendment to the United States Constitution: Decedent's right to be free from deliberate indifference to MATTHEW ELKIN's serious medical and mental health needs as secured by the Fourteenth Amendment.

65.    By the actions and omissions described above, Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY as alleged herein, including but not limited to their failure to provide decedent MATTHEW ELKIN with appropriate emergency medical and mental health care, along with the acts and/or omissions of Defendants in failing to train, supervise, and/or promulgate appropriate policies and procedures to provide emergency medical and mental health care and life saving care to persons in their custody, constituted deliberate indifference to MATTHEW ELKIN's serious medical and mental health needs, health, and safety.

**COMPLAINT FOR DAMAGES**

66.     Indeed, Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY made the intentional decision of to deny MATTHEW ELKIN the proper medical attention for his suicidal symptoms. Any reasonable person in Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY's position would have known that MATTHEW ELKIN was suicidal.

67.     Instead of providing MATTHEW ELKIN with the medical care he needed, Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY and each of them, denied MATTHEW ELKIN medical care and put him in substantial risk of suffering serious harm.

68.     Clearly, given that MATTHEW ELKIN was suicidal, Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY and each of them, did not take reasonable measures to reduce such risk even though any reasonable person would have appreciated the high risks involved in the situation. By failing to take such reasonable measures, it was obvious and foreseeable that MATTHEW ELKIN would commit suicide. Therefore, by not taking such measures, Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY and each of them, caused MATTHEW ELKIN's death.

69.     As a direct and proximate result of Defendants' conduct, the civil rights of MATTHEW ELKIN, as protected by the Fourteenth Amendment of the United States Constitution were violated.  Further, decedent MATTHEW ELKIN experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

70.     Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions.

71.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Decedent, through Plaintiff herein, sustained injuries and damages.

72.     The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendants COUNTY.

73.     Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## FIFTH CLAIM FOR RELIEF

**Fourteenth Amendment Violation – Deprivation of the Right to Familial Relationship with Decedent**

**(42 U.S.C. § 1983)**

**By Plaintiffs S.E., DARRELL ELKIN AND TERESA ELKIN**

**As Against Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY**

74.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

75.     The aforementioned acts and/or omissions of Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY in depriving MATTHEW ELKIN's bodily integrity as protected under the Fourteenth Amendment by engaging in willful and unconstitutional conduct causing MATTHEW ELKIN to suffer an uncontrollable impulse to kill himself, violating MATTHEW ELKIN's constitutional rights, and their failure to train, supervise, and/or take other appropriate measures to prevent the acts and/or omissions that caused the untimely and wrongful death of MATTHEW ELKIN deprived Plaintiffs S.E., DARRELL ELKIN and TERESA ELKIN of their liberty interests in the parent-child relationship in violation of their substantive due process rights as defined by the Fourteenth Amendments of the Constitution.

///

**COMPLAINT FOR DAMAGES**

76.    All of the acts of Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY and the persons involved were done under color of state law.

77.    The acts and omissions of each Defendant deprived Plaintiffs S.E., DARRELL ELKIN and TERESA ELKIN of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to the Fourteenth Amendment by, among other things, depriving Plaintiffs of their rights to a parent-child relationship with decedent MATTHEW ELKIN without due process of law.

78.    As a direct and proximate result of Defendants' conduct, the civil rights of decedent MATTHEW ELKIN, as protected by the Fourteenth Amendment of the United States Constitution were violated.  Further, decedent MATTHEW ELKIN experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

79.    Defendants subjected Decedent to their wrongful conduct, depriving decedent MATTHEW ELKIN of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of decedent MATTHEW ELKIN and others would be violated by their acts and/or omissions.

80.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

81.    The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants COUNTY.

82.    Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

///

///

///

# SIXTH CLAIM FOR RELIEF

## Municipal Liability

## (*Monell*, 42 U.S.C. § 1983)

## By Plaintiffs As Against Defendants COUNTY OF SISKIYOU and MT. SHASTA POLICE DEPARTMENT

83.    Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

84.    Based on information and belief, on and before April 30, 2024 and prior to the death of MATTHEW ELKIN resulting from the MSPD's full-scale militarized assault of his vehicle, Defendant COUNTY OF SISKIYOU and DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY were aware that the involved police officers, had not received proper and necessary training in responding to minor service calls pertaining to mental health crises and effectively dealing with individuals who are in a crisis, including safely defusing anxious and self-harmful behavior; determining when emergency care is needed; reinforcing preventative techniques and practicing the principles of non-harmful physical intervention.

85.    Defendants COUNTY OF SISKIYOU, MT. SHASTA POLICE DEPARTMENT and DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY, acting with deliberate indifference to the rights and liberties of the public in general, and of the present Plaintiffs and decedent, and of persons in their class, situation and comparable position, knowingly allowed the MSPD police officers to respond to minor service calls in the COUNTY OF SISKIYOU without proper training in the handling of such calls.  The Defendants knew that such untrained deputies would fail to properly handle mental health calls, leading to injury or death.

86.    By reason of the aforementioned acts and omissions, MATTHEW ELKIN lost his life.

**COMPLAINT FOR DAMAGES**

87. Therefore, despite the resounding need for improved or further training, both in general and with respect to Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY, inclusive, Defendants COUNTY and MSPD have allowed, if not encouraged, a culture of deliberate indifference to the rights and wellbeing of the public to develop within their respective work forces, thereby substantially causing the present Plaintiff, and countless others like decedent MATTHEW ELKIN, to suffer extensive and irreversible violations of their civil rights, including but not limited to the freedom from unreasonable search and freedom to be free from unconscionable governmental action.

88. Clearly, Defendants COUNTY and MSPD have shown a conscience-shocking level of deliberate indifference to the manifest, systemic consequences of the referenced training failures and other departmental shortcomings. These training failures directly produced the incompetence and impropriety of Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY, inclusive, by which the present Plaintiff's civil rights were violated.

89. Accordingly, the training failures of the Defendants COUNTY and MSPD are so inextricably connected to the unconstitutional conduct that Plaintiff has endured as to be a substantial moving force behind it. Therefore, the Defendants COUNTY and MSPD must be regarded as similarly liable for all claims raised herein against its employees, agents, or representatives under 42 U.S.C. § 1983.

90. As a direct and proximate result of Defendants COUNTY and MSPD acts and/or omissions as set forth above, MATTHEW ELKIN lost his life.

91. Accordingly, Defendants COUNTY and MSPD's failure to train its employees is so inextricably connected to the unconstitutional conduct that Plaintiff has endured as to be a substantial moving force behind it.

92. Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

///

### SEVENTH CLAIM FOR RELIEF

**Negligence**

**(Wrongful Death & Survival)**

**By Plaintiffs As Against All Defendants**

93.    Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

94.    This cause of action arises under the general laws and Constitution of the State of California, including California Government Code §§ 815.2 and 820.

95.    Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY, while working as police officers, supervisors and personnel of the MT. SHASTA POLICE DEPARTMENT, and acting within the course and scope of their duties, employed negligent tactics and intentionally and/or without due care failed to appreciate the gravity of MATTHEW ELKIN's mental health crisis, provide or summon needed mental health care, or take actions to prevent the suicide of MATTHEW ELKIN. As a result of these intentional acts and/or negligence, MATTHEW ELKIN suffered serious injuries and lost his life. The Defendants, and each of them, had no legal or reasonable justification for their actions.

96.    As a direct and proximate result of the conduct of Defendants, as alleged above, MATTHEW ELKIN suffered serious injuries and lost his life.

97.    Plaintiffs S.E., DARRELL ELKIN and TERESA ELKIN have been deprived of the life-long comfort, society, support and care of MATTHEW ELKIN, and will continue to be so deprived for the remainder of their natural lives.  Said Plaintiffs were further forced to pay funeral and burial expenses as a result of the conduct of Defendants.

98.    As a further result of the aforementioned negligence, MATTHEW ELKIN suffered significant pre-death pain and suffering.

99.    Defendant COUNTY OF SISKIYOU is vicariously liable for the wrongful acts of Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH

**COMPLAINT FOR DAMAGES**

CAPURRO, and RUSSELL GREGORY, pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him to liability.

### EIGHTH CLAIM FOR RELIEF

**Violation of California Civil Code § 52.1 (Tom Bane Act)**

**By Plaintiff Estate of MATTHEW ELKIN As Against All Defendants**

100.    Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

101.    This cause of action arises under the general laws and Constitution of the State of California, including California Civil Code § 52.1 and California Government Code §§820 and 815.2. Plaintiff Estate of MATTHEW ELKIN, has complied with the California Tort Claims Act requirements.

102.    As a result of the conduct of Defendants DEVON PRIDDY, SAMUEL HOPKINS, JEREMIAH CAPURRO, and RUSSELL GREGORY, by the use of threats, intimidation, and coercions, interfered with Plaintiff Estate of MATTHEW ELKIN's exercise and enjoyment of the rights secured by the United States Constitution and other Federal laws, the Constitution and laws of the State of California, and their rights under California Civil Code § 52.1.

103.    On or about April 29, 2024, these Defendants, and each of them, undertook a deliberate and intentional plan to wrongfully and unlawfully punish MATTHEW ELKIN for suffering a mental health crisis.

104.    Defendants' actions as alleged herein violated Plaintiff Estate of MATTHEW ELKIN's constitutional rights against deprivation of bodily integrity and life, which are protected by the Constitution of the State of California.

105.    As a proximate result of the acts of these Defendants, and each of them, MATTHEW ELKIN was made to lose his life without cause or justification.

///

**COMPLAINT FOR DAMAGES**

106.   All of the above acts and omissions of these Defendants, and each of them, were willful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said Defendants.

107.   Defendants, and each of them, for the respective acts and violations pleaded herein above, are liable to Plaintiff Estate of MATTHEW ELKIN for damages, penalties and attorneys' fees as provided in California Civil Code § 52.1.

**<u>PRAYER FOR RELIEF</u>**

Wherefore, Plaintiffs respectfully requests that the Court enter a judgment as follows:

A.   Wrongful death of MATTHEW ELKIN, pursuant to Cal. Code of Civ. Proc. § 377.60 et. seq.;

B.   Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support, pursuant to Cal. Code of Civ. Proc. § 377.60 et. seq.;

C.   MATTHEW ELKIN's coroner's fees, funeral and burial expenses, pursuant to Cal. Code of Civ. Proc. § 377.20 et. seq.;

D.   Violation of MATTHEW ELKIN's constitutional rights, pursuant to Cal. Code of Civ. Proc. § 377.20 et. seq. and federal civil rights law;

E.   MATTHEW ELKIN's loss of life, pursuant to federal civil rights law;

F.   MATTHEW ELKIN's conscious pain, suffering, and disfigurement, pursuant to federal civil rights law;

G.   General Damages, including wrongful death and survival damages, in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

H.   Non-Economic Damages, including wrongful death and survival damages, according to proof plus all further and proper relief;

I.   Punitive damages as to individual peace officer defendants;

J.  Attorney's fees pursuant to State Law (Cal. Code Civ. Proc. § 1021.5 & private attorney general doctrine);

K.  A multiplier of damages, including treble damages, and penalties under the Tom Bane Act;

L.  Interest; and

M.  All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20 et seq., 377.60 et seq., and 1021.5; California Civil Code §§ 52 et seq., 52.1; and as otherwise may be allowed by California and/or federal law.

Dated: June 2, 2025                LAW OFFICES OF CHRISTIAN CONTRERAS
                                   A PROFESSIONAL LAW CORPORATION


                                   By: _____
                                   Christian Contreras, Esq.
                                   Attorneys for Plaintiffs,
                                   ESTATE OF MATTHEW ELKIN, et al.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand for a trial by jury.

Dated: June 2, 2025                LAW OFFICES OF CHRISTIAN CONTRERAS
                                   A PROFESSIONAL LAW CORPORATION


                                   By: _____
                                   Christian Contreras, Esq.
                                   Attorneys for Plaintiffs,
                                   ESTATE OF MATTHEW ELKIN, et al.

**COMPLAINT FOR DAMAGES**